UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

NOV 19 2025

ERIC M. STORMS, CLERK
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

WHILO RECIO
    A/K/A "Carlos"
    A/K/A "Cheddar"

No. 2:25-cr- 00177 - LEW

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

Beginning at an unknown time, but no later than on about January 11, 2024, and continuing until at least July 22, 2024, in the District of Maine and elsewhere, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR";**



knowingly and intentionally conspired with each other and with other persons known and unknown to distribute and to possess with intent to distribute methamphetamine and cocaine and N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl), Scheduled II controlled substances, all in violation of Title 21,

Page 1 of 7

United States Code, Sections 841(a)(1), 841(b)(1), and 846. The conspiracy involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl).

**Quantity of Fentanyl Attributable to Each Defendant**

With respect to defendants **WHILO RECIO** and ▮▮▮▮▮▮▮▮▮▮ their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, and, therefore, the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A)(vi) are applicable to them; and



[REDACTED]

Thus, the defendants violated Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT TWO
### (Distribution of Controlled Substance)

On about February 22, 2024, in the District of Maine, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR"; and [REDACTED]**

knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi) and Title 18, United States Code, Section 2.





## COUNT FIVE
### (Distribution of Controlled Substance)

On about May 14, 2024, in the District of Maine, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR"; and**

knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi) and Title 18, United States Code, Section 2.

## COUNT SIX
### (Distribution of Controlled Substance)

On about July 19, 2024, in the District of Maine, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR"; and**

knowingly and intentionally distributed a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, and aided and abetted the same,

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SEVEN
**(Possession with Intent to Distribute a Controlled Substance)**

On about July 22, 2024, in the District of Maine, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR"; and**

knowingly and intentionally possessed with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi) and Title 18, United States Code, Section 2.

## COUNT EIGHT
**(Possession with Intent to Distribute a Controlled Substance)**

On about July 22, 2024, in the District of Maine, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR"; and**

knowingly and intentionally possessed with the intent to distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## COUNT NINE
**(Using and Maintaining Drug Premises)**

Between a date unknown, but no later than on about June 21, 2024, and continuing until at least July 22, 2024, in the District of Maine, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR"; and**

unlawfully and knowingly opened, leased, rented, used, and maintained a place located at 130 Targett Road, New Gloucester, Maine, for the purpose of distributing and using cocaine and a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl-4-piperidinyl] propenamide (commonly known as fentanyl), Schedule II controlled substances, and aided and abetted the same, in violation of Title 21, United States Code, Sections 856(a)(1) and 856(b) and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

1. Upon conviction of one or more offenses set forth in Count One through Count Nine of this Indictment, the defendants,

**WHILO RECIO, A/K/A "CARLOS," A/K/A "CHEDDAR";**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to: a money judgment in the amount of all such proceeds.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant—

　　a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL.

Signature Redacted – Original on file with the Clerk's Office

_____
Assistant U.S. Attorney
Date: 11/19/25